OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff was sexually assaulted by a male technician while undergoing a transvaginal sonogram at defendant New York Downtown Hospital. At the time of the incident, plaintiff and the technician were alone in the examination room. Plaintiff commenced this action against the hospital alleging that it negligently hired, trained, supervised and retained the sonography technician. The hospital moved for summary judgment dismissing the complaint, asserting that it had no prior knowledge of any propensity of the technician to commit such acts. In opposition to the motion, plaintiff submitted the affirmation of Dr. Jessica Fuchs Berkowitz, a board-certified radiologist. Dr. Berkowitz opined that the hospital deviated from the stan
 
 *544
 
 dard of care for performing transvaginal ultrasounds on female patients by not instituting a policy requiring the presence of a female staff member during such procedures. In support of her opinion, Dr. Berkowitz cited guidelines promulgated by two national radiological organizations (the American College of Radiology and the American Institute of Ultrasound in Medicine) which recommend that a woman be present as an examiner or chaperone for vaginal sonograms. Dr. Berkowitz asserted that one purpose of the recommended policy was to “ensure the personal safety of the female patient.”
 

 Supreme Court granted the hospital’s motion and dismissed plaintiffs causes of action, except with respect to the negligent supervision claim, holding that the expert affirmation created a question of fact as to whether the hospital deviated from the applicable standard of care by failing to implement the recommended protocol. On the hospital’s appeal, the Appellate Division reversed and dismissed plaintiffs complaint in its entirety as against the hospital. The majority of the Court concluded that the guidelines relied on by plaintiffs expert failed to establish an industry standard and that the physician proffered no evidence to support the existence of an actual practice or custom in the radiological community requiring the presence of a chaperone during vaginal ultrasounds. The dissent determined that the guidelines recommended by two national organizations, paired with the expert’s assertion that the protocol constituted an industry standard, created an issue of fact with respect to the hospital’s negligence. Upon a two-Justice dissent, plaintiff appeals as of right.
 

 In other contexts, this Court has recognized that “[o]rdinarily, the opinion of a qualified expert that a plaintiffs injuries were caused by a deviation from relevant industry standards would preclude a grant of summary judgment in favor of the defendants”
 
 (Murphy v Conner,
 
 84 NY2d 969, 972 [1994];
 
 see also Trimarco v Klein,
 
 56 NY2d 98 [1982]). Where the expert’s ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to withstand summary judgment
 
 (see Romano v Stanley,
 
 90 NY2d 444, 451-452 [1997];
 
 Amatulli v Delhi Constr. Corp.,
 
 77 NY2d 525, 533-534 n 2 [1991]).
 

 Here, the Appellate Division correctly determined that plaintiffs expert affirmation, offered as the sole evidence to defeat the hospital’s summary judgment motion, did not create a triable issue with respect to the existence of an accepted
 
 *545
 
 industry practice or standard. The guidelines of both professional organizations merely recommend the presence of female staff members for vaginal sonogram procedures; in fact, the materials from the American College of Radiology clearly state that its guidelines “are not rules.”
 

 Moreover, plaintiff’s expert failed to provide any factual basis for her conclusion that the guidelines establish or are reflective of a generally-accepted standard or practice in hospital settings. Dr. Berkowitz made no reference either to her own personal knowledge acquired through professional experience or to evidence that any hospitals have implemented such a standard. Thus, the expert’s affirmation lacked probative force and was insufficient as a matter of law to overcome the hospital’s motion for summary judgment on plaintiff’s negligent supervision claim.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs, in a memorandum.