■ DIANE RIVERA et al., Respondents, v NEW YORK PAIN CARE CENTER, P.C., et al., Appellants, et al., Defendants. [61 NYS3d 531]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 21, 2016, to the extent it denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.

Plaintiffs contend that plaintiff Diane Rivera (plaintiff) sustained Complex Regional Pain Syndrome (CRPS) during podiatric surgery as a result of medical malpractice in connection with the administration of sedation by defendant Aznavoorian, an anesthesiologist, and the subsequent treatment by him and defendant Hosny, an anesthesiologist and pain management specialist who owns defendant Manhattan Medical Suite, P.C. (MMS), where the surgery was performed.

Defendants New York Pain Care Center, P.C. (NYPCC), Hosny, and Aznavoorian established prima facie their entitlement to summary judgment through expert affirmations, deposition transcripts, and medical records. These showed that the initial and subsequent administrations of propofol, an anesthetic administered intravenously, were uneventful and successful in sedating plaintiff, that there was no infiltration of propofol into the tissues surrounding the IV site on plaintiff's hand, that plaintiff had a venous reaction to the IV, that

propofol could not have caused the alleged injury, and that the post-operative care rendered was appropriate.

In opposition, plaintiffs failed to demonstrate the existence of triable issues of fact. Their experts offered only conclusory assertions and speculation that there were departures from the standard of care and that these departures caused plaintiff's injuries (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [1st Dept 2006]). The anesthesiologist and pain medicine specialist opined that only a partial infiltration occurred, at an unknown moment during the 50-minute procedure, through which an unspecified amount of propofol escaped the venous pathway and caused an injury. He offered no opinion as to the amount of propofol that could have infiltrated the tissues and set forth no medical or scientific evidence to support the proposition that such an amount could have caused CRPS. The expert's opinion as to remedial measures that should have been taken was not supported by evidence of, or even reference to, the standard of care, and failed either to address the measures that were taken, namely, elevation and the application of warm compresses, or to explain how, in these circumstances, the method he proposed was preferable and would have produced a more favorable result. Moreover, plaintiff's treating pain physician admitted that CRPS could have been caused "from a needle stick absent the exposure to any chemical," for which there are no known preventative measures. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.