Zamboli v Dilos-Rogu (2018 NY Slip Op 00393)





Zamboli v Dilos-Rogu


2018 NY Slip Op 00393


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5507 304661/11

[*1]Ralph Zamboli, etc., et al., Plaintiffs-Respondents,
v
Eleni Dilos-Rogu, et al., Defendants, Anibal Puente, Defendant-Appellant.


KL Rotondo & Associates, Rye (Kathi Libby Rotondo of counsel), for appellant.
Meagher & Meagher, P.C., White Plains (Keith J. Clarke of counsel), for respondents.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about November 1, 2016, which, insofar as appealed from as limited by the briefs, denied defendant Anibal Puente's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant established prima facie, through an affirmation by an expert surgeon, that he did not deviate from the accepted standard of medical practice in performing laparoscopic surgery on plaintiffs' decedent to repair a ventral hernia and in treating the decedent post-operatively and that there was no causal relationship between the care he rendered and the conditions later suffered by the decedent, including the ileus, bowel perforation and infection (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
In opposition, plaintiffs failed to raise an issue of fact as to either of these elements through his expert's affirmation, which was speculative and unsupported by evidence (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]). Plaintiffs' expert opined that defendant departed from accepted practice by performing the surgery laparascopically despite having inadequate visualization of the surgical field and that, as a result, he failed to appreciate that the decedent's bowel was strangulated. However, there is no support in the record for the expert's underlying assumptions that defendant did not have adequate visualization of the surgical field and that the decedent had a strangulated hernia at the time of surgery. Plaintiffs' expert opined that defendant departed from accepted practice by failing to perform a physical exam or order any tests during the decedent's two follow-up visits, which would have revealed the presence of an ileus. However, the record reflects that the symptoms of an ileus did not present until after the [*2]decedent was no longer under defendant's care. Plaintiffs' expert also failed to link defendant's hernia repair surgery and follow-up treatment to any of the conditions diagnosed upon the decedent's subsequent admissions to another hospital.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK