Asante-Tannor v Chang (2018 NY Slip Op 00612)





Asante-Tannor v Chang


2018 NY Slip Op 00612


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5574 805015/14

[*1]Kawasi Asante-Tannor, Plaintiff-Appellant,
v
Betty Chia-Wen Chang M.D., et al., Defendants-Respondents, Winthrop University Hospital, Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondents.



Judgment, Supreme Court, New York County (George J. Silver, J.), entered October 12, 2016, dismissing the complaint as against defendants Betty Chia-Wen Chang M.D., and New York Presbyterian Hospital/Columbia University Medical Center, and bringing up for review an order, same court and Justice, entered October 3, 2016, which, to the extent appealed from as limited by the briefs, granted said defendants' motion for summary judgment dismissing the medical malpractice claim as against them, unanimously affirmed, without costs.
Defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting medical records, deposition testimony, and the affirmation of an expert in emergency medicine demonstrating that they did not depart from accepted medical practice (see e.g. Kristal R. v Nichter, 115 AD3d 409, 411 [1st Dept 2014]). In response, plaintiff failed to raise an issue of fact. The affirmation of plaintiff's expert in emergency medicine was based on assumptions not supported by the record and set forth general conclusions and misstatements of evidence that were insufficient to demonstrate that any of defendants' alleged departures from accepted practice was the proximate cause of plaintiff's injuries (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Plaintiff's expert opined that plaintiff was experiencing a "hypertensive emergency" when he presented at the emergency room with elevated blood pressure, and defendants failed to properly evaluate his condition and admit him to the hospital, resulting in his stroke three days later. However, the medical records and deposition testimony do not support his expert's repeated assertions that plaintiff suffered from end organ damage to his kidneys characteristic of a "hypertensive emergency," which required hospitalization, nor was there any other indication that medical intervention would have prevented his subsequent stroke. [*2]Accordingly, plaintiff was unable to raise a triable issue as to proximate cause sufficient to defeat summary judgment (id.; Kristal R., 115 AD3d at 412).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK