Rodriguez v Washington Hgts. Dental Practice, P.C. (2018 NY Slip Op 01286)





Rodriguez v Washington Hgts. Dental Practice, P.C.


2018 NY Slip Op 01286


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5826 800047/12

[*1]Jacqueline Rodriguez, etc., Plaintiff-Appellant,
v
Washington Heights Dental Practice, P.C., et al., Defendants-Respondents, Marina Kipnis, Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Washington Heights Dental Practice, P.C., respondent.
Landman Corsi Ballaine & Ford P.C., New York (Tina S. Bhatt of counsel), for Rosette Imani, respondent.



Order, Supreme Court, New York County (Alice Schlesinger, J.), entered July 1, 2015, which granted defendants-respondents' motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
Plaintiff claims that defendants negligently failed to properly perform resuscitative measures when the decedent suddenly suffered a seizure-like episode.
Defendants met their prima facie burden of establishing the absence of a departure "from good and accepted medical practice" or that "any such departure was not a proximate cause of the [decedent's] alleged injuries" (Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendants' experts opined that the emergency care provided by defendants was appropriate and did not cause the decedent's injuries, that the decedent's pulse and oxygen saturation were normal, and that there were no additional emergency care measures defendants could or should have performed.
Plaintiff's expert affirmation was not sufficient to raise any issues of fact because the expert's opinions were not supported by the record (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). The expert opined that defendants departed from good and accepted practice by failing to establish an airway prior to administering oxygen, but overwhelming evidence in the record reflects that it was not necessary to establish an airway because the decedent never stopped breathing naturally. In addition, the expert's conclusion that the failure to clear an airway caused the decedent to suffer "a prolonged lack of oxygen" lacks any evidentiary basis, as it is undisputed
that the decedent's pulse, circulation, and oxygen saturation were all normal when the ambulances arrived.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK