Cabral v Stern (2018 NY Slip Op 01390)





Cabral v Stern


2018 NY Slip Op 01390


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5852 800254/11

[*1]Kelly Cabral, et al., Plaintiffs-Respondents, 
v
Joshua Stern, M.D., et al., Defendants, Anthony Aizer, M.D., et al., Defendants-Appellants.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellants.
Frekhtman & Associates, Brooklyn (Eileen Kaplan of counsel), for respondents.



Order, Supreme Court, New York County (Joan B. Lobis, J.), entered June 6, 2016, which, to the extent appeal from, denied the motion of defendants Anthony Aizer, M.D. and New York University Medical Center (Hospital) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to dismiss the claim for lack of informed consent, and otherwise affirmed, without costs.
Defendants established entitlement to judgment as a matter of law by submitting evidence showing that Dr. Aizer did not depart from good and accepted medical practice in the performance of two cardiac ablation procedures on plaintiff Kelly Cabral. Plaintiffs' opposition, including the opinions of experts, raised triable issues of fact as to whether Kelly's preexisting condition of Factor V Leiden required a smaller catheter than was used during the procedure, whether post-procedure Doppler studies should have been conducted to rule out deep vein thrombosis, and whether there should have been a longer time frame with greater physical activity between procedures (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Cregan v Sachs, 65 AD3d 101, 108-109 [1st Dept 2009]). Triable issues also exist as to Dr. Aizer's employment status at the hospital and whether the Hospital could be vicariously liable for Dr. Aizer's actions.
Defendants are, however, entitled to summary judgment dismissing plaintiffs' claim for lack of informed consent, as plaintiffs did not show that there is any issue of fact in this regard.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK