Carino v Patel (2018 NY Slip Op 01538)





Carino v Patel


2018 NY Slip Op 01538


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


5920 301937/09

[*1]Anthony Carino, etc., et al., Plaintiffs-Appellants,
v
Umangi Patel, M.D., Defendant-Respondent, Peter Wiernick, M.D., et al., Defendants.


La Sorsa & Beneventano, White Plains (Gregory M. La Sorsa of counsel), for appellants.
Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for respondent.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about August 27, 2015, which, insofar as appealed from as limited by the briefs, granted defendant Umangi Patel, M.D.'s motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, and the motion denied.
The decedent suffered from chronic myeloid leukemia, a form of cancer characterized by overproduction of white blood cells, which can be managed by use of a tyrosine kinase inhibitor (TKI) such as Gleevec, Dasatinib, or Nilotinib. Plaintiff alleges that when the decedent's liver function was found to be abnormal, defendant Dr. Patel negligently discontinued Gleevec without substituting Dasatinib or Nilotinib, thereby causing the worsening of decedent's condition and his eventual death. Plaintiff alleges alternatively that Dr. Patel should have instituted a concurrent corticosteroid regimen to combat liver toxicity before the decedent's liver function became severely impaired.
Defendant established prima facie that she did not depart from good and accepted medical practice (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Her expert opined that she appropriately discontinued Gleevec, that Nilotinib and Dasatinib were not generally available in 2006 and, at any rate, bore the same risk of liver toxicity, and that the use of corticosteroids was not generally recognized to combat liver toxicity.
In opposition, plaintiff raised an issue of fact through her expert affirmation (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]). Plaintiff's expert's opinions conflict with defendant's expert's opinions as to whether it was appropriate to discontinue TKIs completely for any period of time and whether the discontinuance could have caused the decedent's condition to worsen, whether Dasatanib could appropriately have been substituted for Gleevec (no issue of fact was raised as to Nilotinib's availability in 2006), and whether the use of corticosteroids to combat liver toxicity was generally accepted in 2006.
In light of the foregoing, we do not reach the issue whether
the materials submitted by Dr. Patel on and after reply were properly considered.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK