Stinson v Lueders (2018 NY Slip Op 02265)





Stinson v Lueders


2018 NY Slip Op 02265


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6147 301580/08

[*1]Dexter Stinson, Plaintiff-Respondent,
v
Menoe Lueders, M.D., et al., Defendants-Appellants. [And a Third Party Action]


DeCorato Cohen Sheehan & Federico, LLP, New York (Timothy J. Sheehan of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about April 6, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established entitlement to judgment as a matter of law through expert affirmations of a neuroradiologist, orthopedic surgeon and neurosurgeon, who opined that defendants did not deviate from the accepted standard of medical practice in deferring further imaging studies of plaintiff's spine, to confirm a suspected spinal fracture, in light of his impending transfer to Westchester Medical Center (WMC) to treat a complex pelvic fracture (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1 [1st Dept 2015]). Defendants informed WMC in plaintiff's discharge notes that he suffered from possible spinal fractures, and the surgeon at WMC was aware of these additional injuries prior to operating on plaintiff's pelvic fracture. Defendants further established that the deferral of imaging studies was not a proximate cause of plaintiff's spinal cord injury and paraplegia where such injury, which usually manifests within minutes to hours of the precipitating event, did not occur until almost two weeks after his transfer to WMC (id.).
In opposition, plaintiff failed to raise an issue of fact through the redacted affidavit of an expert whose opinions failed to controvert several points made by defendants' experts (see Rodriguez v Waldman, 66 AD3d 581, 582 [1st Dept 2009]), or were unsupported by the record (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Plaintiff's expert opined that defendants departed from accepted practice in failing to confirm plaintiff's spinal fractures prior to his transfer. The expert, however, failed to address the opinions of defendants' experts that it was accepted practice for a receiving institution to perform their own studies, and it was thus not worth the attendant risk of moving plaintiff to perform these studies before transfer, only to have them repeated after transfer. The contention of plaintiff's expert that defendants did not properly apprise WMC of plaintiff's possible spinal fractures was contradicted by the discharge notes contained in the record, and the expert's contention that defendants gave WMC inaccurate information about plaintiff's weight crucial to his care also finds no basis in the record. According to plaintiff's medical records, his weight provided defendants with no reason to believe that WMC's scanners would be unable to accommodate him. Plaintiff's expert also failed to address defendants' experts' opinion that defendants effectively stabilized plaintiff's condition, and that his spinal cord injury occurred while he was under the care of WMC.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK