Altagracia S. v Cowels (2019 NY Slip Op 04095)





Altagracia S. v Cowels


2019 NY Slip Op 04095


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9426 21433/13E

[*1]Altagracia S., etc., et al., Plaintiffs-Respondents,
v
Robert Cowels, M.D., et al., Defendants-Appellants.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Robert Cowels, M.D., appellant.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for Keith Kuenzler, M.D., Alana Murphy, M.D., and New York Presbyterian Hospital, appellants.
Wolf & Fuhrman, LLP, Bronx (Carole R. Moskowitz of counsel), for respondents.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered May 14, 2018, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Plaintiffs claims that defendant's misdiagnosis of acute appendicitis resulted in infant plaintiff undergoing an unnecessary appendectomy and the unnecessary surgery was a proximate cause of her subsequent urinary dysfunction. According to defendants, the diagnosis of acute appendicitis was confirmed, but plaintiffs' experts conclude the appendix was normal and the appendectomy was wholly unnecessary. Plaintiff contends that she developed a postoperative infection and, therefore, her urological problems are causally related to the appendectomy, which should not have been performed.
Defendants made a prima facie showing that infant plaintiff had appendicitis and clinically presented with symptoms consistent with a conclusion that an appendectomy was indicated and performed in accordance with prevailing standards of medical care. Defendants also prima facie established that infant plaintiff's claimed injuries were not causally related to the appendectomy, regardless of whether there was any deviation in the standard of medical care defendants provided to her.
In opposition, plaintiffs did not raise any issue about whether any alleged negligence was a proximate cause of infant plaintiff's injuries. Plaintiffs' experts only speculate that infant plaintiff's subsequent urological difficulties were proximately caused by the postoperative infection that plaintiff suffered following the appendectomy (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). They do not address, let alone refute, defendants' experts' medical analysis of infant plaintiff's medical records, which the experts opine do not support plaintiffs' claim of a causal connection between the appendectomy and the urological injury alleged. Plaintiffs' experts' affidavits fall far short of the competent medical proof required to make a causal connection between the alleged departure and the injury alleged (see Rivera v Jothianandan, 100 AD3d 542 [1st Dept 2012], lv denied 21 NY3d 861 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK