A.P. v Stolar (2019 NY Slip Op 08800)





A.P. v Stolar


2019 NY Slip Op 08800


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


350458/10 10524A 10524

[*1] A.P., an infant, by Raysa R., etc., et al., Plaintiffs-Appellants-Respondents,
v
Charles Stolar, M.D., Defendant-Respondent-Appellant, Jose Ruben Rodriguez, M.D., et al., Defendants-Respondents.


Scaffidi & Associates, New York (Anthony J. Scaffidi of counsel), for appellants-respondents.
Gordon & Silber, P.C., New York (Michael A. Bayron of counsel), for respondent-appellant.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered on or about June 1, 2018, insofar as appealed from as limited by the briefs, dismissing the complaint as against defendants Jose Ruben Rodriguez, M.D., David Woodland, M.D., New York Presbyterian Hospital and Columbia University, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 22, 2018, to the extent it granted in part and denied in part defendant Charles Stolar, M.D.'s motion for summary judgment dismissing the complaint as against him, unanimously modified, on the law, without costs, to grant the part of the motion that was denied, and appeal therefrom otherwise dismissed, without costs, as subsumed in the appeal from the judgment. The Clerk is directed to enter judgment dismissing the complaint as against Stolar.
In opposition to defendants' prima facie showing in support of their motions for summary judgment, plaintiffs failed to raise an issue of fact as to whether defendants departed from the accepted standard of care or whether any such departures were a proximate cause of injury. Their expert's opinion that defendants departed from the accepted standard of care in failing to replace an NG tube, timely recognize a bowel obstruction, and otherwise timely diagnose and treat the infant plaintiff lacks a factual basis in the record and is therefore insufficient to defeat summary judgment (see Diaz v New York Downtown Hosp. , 99 NY2d 542, 544 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK