J.G. v New York City Health & Hosps. Corp. (2019 NY Slip Op 09115)





J.G. v New York City Health & Hosps. Corp.


2019 NY Slip Op 09115


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10629 2l246/13E

[*1] J.G., an Infant, by His Mother and Natural Guardian, Tanisha S., et al., Plaintiffs-Appellants,
v
New York City Health and Hospitals Corporation, Defendant-Respondent.


Burns & Harris, New York (Jason Steinberg of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered June 6, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The infant plaintiff alleged personal injuries resulting from defendant's negligence in delaying surgical intervention to treat compartment syndrome that developed after he sustained a gunshot wound to his right leg. Defendant met its prima facie burden of establishing the absence of a departure from good and accepted medical practice, or that any such departure was not a proximate cause of the patient's injuries, by submitting evidence that defendants timely commenced a fasciotomy, and that the infant plaintiff did not sustain permanent damage to the tissue and muscles of his right leg as the result of the timing of the surgery (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs' expert misstated when the infant plaintiff was first diagnosed with compartment syndrome in asserting that there was a significant delay in commencing the fasciotomy, and stated only a conclusory opinion that the purported delay worsened the infant plaintiff's injuries from his gunshot wound (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK