Linn v New York City Health & Hosps. Corp. (2020 NY Slip Op 05582)





Linn v New York City Health & Hosps. Corp.


2020 NY Slip Op 05582


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 800017/11 Appeal No. 12012 Case No. 2019-2711 

[*1]Kenneth Linn, et al., Plaintiffs-Appellants,
v
New York City Health and Hospitals Corporation, Defendant-Respondent, Bellevue Hospital Ctr, et al., Defendants.


Lisa M. Comeau, Garden City, for appellants.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered September 20, 2020, which, inter alia, granted defendant NYC Health and Hospitals Corporation's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established prima facie that it did not depart from good and accepted medical practice in allegedly failing to diagnose and treat a recurrent MRSA infection that plaintiff Kenneth Linn contracted after undergoing orthopedic hip surgery at its hospital (see Otero v Faierman, 128 AD3d 499 [1st Dept 2015]). Defendant's evidence, which included an infectious diseases expert's opinion, demonstrated that while under defendant's care plaintiff showed no signs of infection to warrant suspicion of a MRSA recrudescence requiring immediate testing and that fluid detected during a CT scan was properly deemed benign as the expected consequence of surgery in the absence of any clinical symptoms of infection.
In opposition, plaintiff failed to raise an issue of fact. His expert opinion was conclusory and failed to support the assertion that there was a continuing MRSA presence to be diagnosed at the time that the fluid was detected on plaintiff's CT scan (see Diaz v Downtown Hosp., 99 NY2d 542 [2002]). While the medical records show that defendant's experts in infectious diseases recommended testing, including another CT scan of the hip area to monitor for infection, plaintiff's expert failed to address the fact that plaintiff had no signs of infection in the three weeks during which he was under defendant's care following the surgery, and failed to say when such further testing should have taken place, given that, at the time the recommendations were made, plaintiff had recently undergone a CT scan and bloodwork. Moreover, plaintiff's expert failed to articulate a causal connection between the alleged delay in diagnosis and plaintiff's injuries.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020