Olaechea v Mundy (2021 NY Slip Op 01234)





Olaechea v Mundy


2021 NY Slip Op 01234


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 805195/14 Appeal No. 13237 Case No. 2020-02945 

[*1]Cecile Olaechea, etc., Plaintiff-Appellant,
v
Daniel Mundy, Defendant, Katherine Maloy, et al., Defendants-Respondents.


The Law Office of Bruce W. Slane, P.C., White Plains (Jeremy D. Barberi of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered May 15, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The decedent presented to the emergency department of defendant Bellevue Hospital with suicidal ideation while under the influence of PCP. He was held overnight for evaluation and monitoring. The next morning, the decedent was examined and found to be no longer exhibiting signs of PCP intoxication or withdrawal. When questioned, he denied having suicidal thoughts, and appeared calm, cooperative, and open to treatment. He was given a follow-up appointment for outpatient treatment and discharged. Approximately three hours later, the decedent died from a self-inflicted gunshot wound. A post-mortem toxicology report suggested that he had consumed PCP following his discharge and was intoxicated at the time of death.
Defendants established prima facie that they did not depart from good and accepted medical practice in discharging the decedent after he had been evaluated (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). The decedent's medical records and the testimony of the physicians who treated him show that he had no history of suicide attempts or psychiatric diagnoses and that the suicidal ideation with which he had presented was intensified by PCP intoxication, which had subsided by the next morning, when the decedent expressed that he was no longer having suicidal thoughts. Defendants' psychiatric expert opined that defendants' care and treatment of the decedent was consistent with accepted medical practice and that it was appropriate for defendants to discharge the decedent after evaluation, since he denied any suicidal ideation, exhibited no symptoms of intoxication or withdrawal, and presented as calm, cooperative, amenable to outpatient treatment, and adamant about the reasons that he wanted to live (see generally Durney v Terk, 42 AD3d 335, 336-337 [1st Dept 2007], lv denied 9 NY3d 813 [2007]; Schrempf v State of New York, 66 NY2d 289, 295-296 [1985]).
In opposition, plaintiff failed to raise an issue of fact. There is no evidentiary basis for plaintiff's experts' opinion that defendants' pre-discharge evaluation of the decedent was unprofessional, and the record contradicts the expert's conclusion that the decedent was still suicidal and unstable at the time of discharge and should either have been held involuntarily or admitted for in-patient treatment (see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 545 [2002]). Further, plaintiff's expert opinion that the decision to discharge the decedent led to his death is speculative (see Park v Kovachevich, 116 AD3d 182, 190-191 [1st Dept 2014], lv denied 23 NY3d 906 [2014]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: March 2, 2021