Beras v Cushner (2021 NY Slip Op 05454)





Beras v Cushner


2021 NY Slip Op 05454


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 27187/16 Appeal No. 14328 Case No. 2020-03876 

[*1]Erasmo Montero Beras, Plaintiff-Appellant,
v
Fred Cushner, M.D., Defendant-Respondent.


Arnold E. DiJoseph, P.C., New York (Arnold E. DeJoseph III of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph Capella, J.), entered September 23, 2019, dismissing the complaint, unanimously affirmed, without costs.
On his motion for summary judgment, defendant established prima facie that in performing plaintiff's left total knee replacement he did not depart from good and accepted medical practice (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendant's expert opined, based on his review of the record, that defendant properly used intraoperative technique in using a femur component navigation guide to size the femur, tested three different corresponding tibial components, and considered plaintiff's anatomy in relation to the rotation of each component to determine the best fit. The expert further opined that a lateral tibial overhang is usually tolerated well by patients and is not evidence of malpractice.
In opposition, plaintiff failed to raise an issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]). Notably, his expert did not opine that defendant deviated from accepted medical practice in using the navigation system and his professional judgment to size the components. To the extent plaintiff's allegations amount to a mere error in professional judgment, defendant cannot be held liable (see Schrempf v State of New York, 66 NY2d 289, 295 [1985]). Moreover, while plaintiff's expert opined that a lateral tibial overhang of 3 mm or more represented a departure from accepted practice, there is no indication in the record of the degree of overhang in plaintiff's case or on what basis plaintiff's expert arrived at his conclusion that the existence of the lateral overhang indicated a departure from the standard of care. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021