Akel v Gerardi (2021 NY Slip Op 06792)





Akel v Gerardi


2021 NY Slip Op 06792


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 805364/15 Appeal No. 14766 Case No. 2021-01167 

[*1]Alexander Akel, Plaintiff-Respondent,
v
Leonard Gerardi, M.D., et al., Defendants-Appellants.


Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for appellants.
Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about August 4, 2020, which denied defendant Leonard Girardi, M.D.'s (s/h/a Leonard Gerardi, M.D.) motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant established prima facie that he exercised his "'best judgment'" in accord with good and accepted practice by electing intraoperatively to repair plaintiff's mitral valve with an edge-to-edge repair, also known as an Alfieri stitch, rather than performing an annuloplasty ring repair (see Nestorowich v Ricotta, 97 NY2d 393, 398 [2002]). His expert cardiothoracic surgeon opined that defendant properly prioritized the repair of plaintiff's ascending aortic aneurysm, a life-threatening condition, given plaintiff's clinical presentation, and then, considering the amount of time plaintiff would be on cardiopulmonary bypass if he performed an annuloplasty ring repair and the attendant risks, decided to perform an edge-to-edge repair of the mitral valve instead.
In opposition, plaintiff failed to raise an issue of fact. His expert, who is board certified in surgery and thoracic surgery, was qualified to render an opinion (see Ocasio-Gary v Lawrence Hosp., 69 AD3d 403, 404-405 [1st Dept 2010]). However, the opinion is conclusory and speculative and fails to address defendant's expert's opinions specifically (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]). In addition, in forming his opinion, plaintiff's expert disregarded facts and medical evidence in the record, including a post-operative pathology report that indicated that plaintiff had a connective tissue disorder that put him at greater risk for developing serious complications if his aortic aneurysm were left untreated (see id.).
Defendant made a prima facie showing of informed consent by submitting testimony and medical records establishing that he informed plaintiff of the reasonably foreseeable risks associated with the procedures and that plaintiff signed two written consent forms indicating his understanding of those risks (see Public Health Law § 2805-d[1]). In opposition, plaintiff failed to show that a reasonably prudent person would not have undergone the surgery if apprised that defendant was going to repair the aortic aneurysm first, which could affect the technique he used to repair the mitral valve (see Public Health Law § 2805-d[3]). To the extent plaintiff's lack of informed consent claim is premised on defendant's decision not to perform an annuloplasty repair, it must be dismissed as unviable (see Ellis v Eng, 70 AD3d 887, 892 [2d Dept 2010]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021