Deutch v City of New York (2022 NY Slip Op 03174)





Deutch v City of New York


2022 NY Slip Op 03174


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 155894/17 Appeal No. 15940 Case No. 2022-00220 

[*1]Peter Deutch et al., Plaintiffs-Respondents,
v
City of New York et al., Defendants, Hellman Electric Corporation et al., Defendants-Appellants.


McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Brian L. Battisti of counsel), for appellants.
Ronemus & Vilensky, LLP, Garden City (Lisa M. Comeau of counsel), for respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered July 19, 2021, which, to the extent appealed from as limited by the briefs, denied defendants Hellman Electric Corporation and John Martuscelli's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
This action arises from a collision between a flatbed truck and plaintiff, a cyclist in Central Park's East Drive, which is a three lane roadway. The leftmost lane is for pedestrians, the middle is for cyclists, and the rightmost lane is for vehicular traffic. Plaintiff, who was cycling in the middle bike lane and was approaching the truck, told emergency personnel who responded to the scene that he had swerved to the right to avoid striking pedestrians in the lane directly to his left. As he did so, he and the truck which was to his right collided, causing plaintiff to fall under the truck's wheels and sustain injuries.
In support of their motion for summary judgment, the appealing defendants provided photographic evidence, the testimony of three eyewitnesses to the accident and the affidavit of their expert, an accident reconstructionist. These witnesses affirmatively testified that the truck never left its lane of traffic. A photograph taken at the time of the accident shows that skid marks from the left tire of the truck were entirely within the lane for vehicular traffic.
The appealing defendants made out their prima facie showing of entitlement to summary judgment as a matter of law. There is no evidence that the truck caused plaintiff's accident by hitting him while he was within the bike lane or by unsafely passing him (see Castro v Hatim, 174 AD3d 464, 466 [1st Dept 2019]).
Although credibility determinations should not be made on a motion for summary judgment, plaintiff raised no issue of fact in response and his own expert did not controvert defendant's expert's opinion that the truck was within its own lane when the accident happened. Plaintiff's testimony that the truck crossed into the bike lane was entirely speculative. Furthermore, plaintiff's expert provides no basis for his conclusion that New York law required that the driver maintain a three foot distance between his truck and the bike he was passing, or that this is an industry standard (see Diaz v New York Downtown Hosp., 287 AD2d 357, 358 [1st Dept 2001], affd 99 NY2d 542 [2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022