Gill v Calfee (2022 NY Slip Op 03965)

Gill v Calfee

2022 NY Slip Op 03965

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Shulman, JJ. 

Index No. 805443/13 Appeal No. 16147 Case No. 2021-01475 

[*1]Andrea Gill et al., Plaintiffs-Respondents,
v
David Calfee, M.D., et al., Defendants-Appellants, Advanced Care Pharmacy Inc., et al., Defendants.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for David Calfee, M.D., Fiona Iza, M.D., and New York Presbyterian Hospital, appellants.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, New York (Juan C. Gonzalez of counsel), for Dr. Gina Patrito, M.D., appellant.
Sholes & Miller, PLLC, Fishkill (Ellen A. Fischer of counsel), for The Kingston Hospital, appellant.
Rosenberg, Minc, Falkoff & Wolff, LLP, New York (Sharon Elmaleh of counsel), for respondents.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about April 19, 2021, which, to the extent appealed from, denied the motions of defendants-appellants David Calfee, M.D., Flonza Isa, M.D. i/s/h Fiona Iza, M.D., New York Presbyterian Hospital, Gina Patrito, M.D., and The Kingston Hospital for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed as against them. The Clerk is directed to enter judgment accordingly.
In opposition to appellants' prima facie showing establishing that they did not commit medical malpractice, plaintiffs' experts' conclusory and speculative opinions were insufficient to raise a triable issue of fact (Diaz v New York Downtown Hosp. , 99 NY2d 542, 544 [2002]). Even if defendants Dr. Calfee, Dr. Isa, and New York Presbyterian Hospital (NYPH defendants) departed from accepted practice in their "hand-off" of plaintiff's care to her local primary care physician and their education of plaintiff regarding the risks of the antibiotic Gentamicin, in particular the link between vomiting, dehydration, and renal function, those alleged departures were not a proximate cause of plaintiff's injuries. The record indicates that her local physician was aware of plaintiff's treatment, including the medication she was taking, and plaintiff contacted him to report the nausea and vomiting she was experiencing. Moreover, according to the record, plaintiff's clinical picture during the relevant period was not suggestive of acute renal failure so as to alert her health care providers.
Plaintiff's expert's opinion that defendants Gina Patrito, M.D. and The Kingston Hospital created a lost opportunity to avoid further acute kidney injury when plaintiff presented in the emergency department with nausea and vomiting is speculative, given that plaintiff's lab results were inconclusive, and her symptoms resolved with fluid treatment. There is no indication that NYPH would have recommended that plaintiff stop antibiotic therapy, prescribed to treat a potentially deadly bacterial infection, had Dr. Patrito reached out to NYPH for a consult or spoken with her primary care physician. Indeed, even after her primary care physician and NYPH were apprised of her visit to Kingston Hospital, they did not take a different course of action. Furthermore, the record shows that Dr. Patrito instructed plaintiff to obtain bloodwork and further evaluation within one to two days since the emergency department's diagnosis was provisional, which plaintiff failed to do. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022