Almanzar v Ankrah (2024 NY Slip Op 02005)

Almanzar v Ankrah

2024 NY Slip Op 02005

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 23691/17 Appeal No. 2066 Case No. 2023-01229 

[*1]Humberto Almanzar etc., Respondent,
v
Reginald Ankrah et al., Appellants, Henry James Behar, M.D., et al., Defendants.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellants.
Kelner & Kelner, New York (David A. Stanigar of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about February 6, 2023, which denied defendants Reginald Ankrah, CRNA, Eugene Ornstein, M.D., and The New York Presbyterian Hospital's (defendants) motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
Although defendants met their prima facie entitlement to summary judgment, plaintiff's experts raised issues of fact as to whether defendants injured plaintiff's decedent's inferior vena cava during the insertion of an epidural, causing her death days later (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Cregan v Sachs, 65 AD3d 101, 108-109 [1st Dept 2009]). Contrary to defendants' assertions, plaintiff's experts' opinions were not speculative, as they were based upon record facts, specifically the autopsy report and accompanying photographs of the decedent's inferior vena cava (cf. Montilla v St. Luke's-Roosevelt Hosp., 147 AD3d 404, 407 [1st Dept 2017]). Nor were plaintiff's experts' opinions based on new theories of liability (cf. Rotante v New York Presbyt. Hosp.-N.Y. Weill Cornell Med. Ctr., 175 AD3d 1142, 1143 [1st Dept 2019]). Accordingly, the issue of the cause of the decedent's death should be determined by a jury (see Lo Presti v Hospital for Joint Diseases, 275 AD2d 201, 204 [1st Dept 2000]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024