A.M. v Sconzo (2024 NY Slip Op 05536)

A.M. v Sconzo

2024 NY Slip Op 05536

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 33931/18 Appeal No. 2997 Case No. 2024-00164 

[*1]A.M. an Infant by her Mother and Natural Guardian Cindy M., et al., Plaintiffs-Appellants,
v
Denis T. Sconzo M.D., et al., Defendants-Respondents, Regina Fitzgerald, M.D., et al., Defendants.

Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for appellants.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered July 7, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Denis T. Sconzo, M.D. and Westchester-Bronx OB/GYN Group, P.C., for summary judgment dismissing the complaint as against Dr. Sconzo, unanimously affirmed, without costs.
In opposition to defendants' prima facie showing that Dr. Sconzo did not commit medical malpractice in his treatment of plaintiff mother, plaintiffs failed to raise a triable issue of fact. Plaintiffs' expert opined that Dr. Sconzo departed from accepted practice in his treatment of the mother by sending her to the hospital for further evaluation and possible delivery, rather than communicating the urgency of the situation and directing that the mother undergo an emergency cesarean section. However, plaintiffs' expert's opinion is at odds with the medical records (see A.P. v Stolar, 178 AD3d 483, 483 [1st Dept 2019]), which reflect that Dr. Sconzo called and texted defendant, Regina Fitzgerald, M.D., at the hospital to apprise her of the mother's status, and then called the labor and delivery unit to alert staff of the mother's arrival when Dr. Fitzgerald did not respond. According to the records, the mother was placed on a fetal monitor, put on an IV, and underwent bloodwork upon her arrival at the hospital. Contrary to plaintiff's expert's opinion, nothing in the record suggests that Dr. Sconzo had the authority to order an emergency cesarean section upon the mother's arrival at the hospital. Thus, the expert's opinion as to Dr. Sconzo's alleged deviations from the standard of care are unsupported, and at times contradicted by the records. Such an opinion is insufficient to withstand summary judgment as to Dr. Sconzo (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Plaintiffs' argument that Dr. Sconzo owed the mother a duty of care after her arrival at defendant New York Presbyterian/Lawrence Hospital (NYPH) to ensure the cesarean section was timely performed is also unavailing. In determining the extent of a physician's duty, a court considers whether "the physician owes a duty under the circumstances of a particular scenario" (Burtman v Brown, 97 AD3d 156, 162 [1st Dept 2012]). Here, Dr. Sconzo neither participated nor was responsible for plaintiff mother's care at NYPH. He did not have any apparent ability to control, direct, or supervise the mother's treatment at NYPH, nor did he ever indicate or cause the mother to believe that he would be meeting or treating her at NYPH (see Huffman v Linklow Inst. for Advanced Implantology, Reconstructive & Aesthetic Maxillo-Facial Surgery, 35 AD3d 214, 216-217 [1st Dept 2006]). To the contrary, he transferred care to defendant Dr. Fitzgerald. Accordingly, Dr. Sconzo owed no duty to plaintiff regarding the care she received at NYPH.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024