Bonocore v Ravindranath (2024 NY Slip Op 05824)

Bonocore v Ravindranath

2024 NY Slip Op 05824

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 22039/16 Appeal No. 3081 Case No. 2024-00632 

[*1]Karen Bonocore, as Administrator of the Estate of Joseph Bonocore etc., Plaintiff-Appellant,
v
Dipti Ravindranath, M.D., et al., Defendants, Montefiore Medical Center, et al., Defendants-Respondents.

Silberstein Awad & Miklos, P.C., Garden City (Joseph P. Awad of counsel), for appellant.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Nicholas Tam of counsel), for respondents.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered September 13, 2023, which granted the motion of defendants Montefiore Medical Center and Montefiore Medical Center-The Wakefield Campus (collectively, MMC) for leave to reargue and, upon reargument, granted MMC's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to deny the motion to the extent it sought dismissal of plaintiff's claims regarding injuries that allegedly occurred from February 18, 2014 to July 20, 2014 and to reinstate those claims, and otherwise affirmed, without costs.
In this medical malpractice action, the record presents an issue of fact as to whether it was a deviation from good and accepted medical practice to perform a treadmill stress test without shoes on plaintiff's decedent, who presented with comorbidities such as diabetes, vascular insufficiency, and peripheral neuropathy (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Cregan v Sachs, 65 AD3d 101, 108 [1st Dept 2009]). The parties' experts disagree on whether those actions deviated from the applicable standard of care, and even according to the decedent's own treating physician, the blister wound that arose from the stress test created broken skin through which bacteria could enter and cause infection.
The record also shows that the decedent's last visit with the physician who treated his toe wound and infection was on May 13, 2014. When the decedent was admitted for myocarditis in July 20, 2014, his toe was observed as well healed with no signs of infection, and X-rays and nuclear studies ruled out any infection of the bones of the decedent's foot or toes. Therefore, there is an issue of fact as to causation of decedent's injuries until July 20, 2014.
In the decedent's final hospital admission in September 2014, however, the origin of his sepsis could not be determined. At the time of his death, the plan was to rule out a spinal infection in light of lower extremity weakness with back pain. According to MMC's expert, in light of the fast-growing nature of the bacteria that infected the decedent's toe in February, it would be scientifically impossible for the infection to remain latent for months only to cause endocarditis in July and then sepsis in September. Plaintiff's expert's failed to raise an issue of fact in opposition. The expert's theory that the toe created a portal of entry for further infections is broad, conclusory, and unsupported by the record (see Foster-Sturrup v Long, 95 AD3d 726, 729 [1st Dept 2012]). Moreover, plaintiff's expert did not address MMC's expert's opinions concerning the nature and speed of the growth of the bacteria that infected plaintiff's toe in February (see Fernandez v Hoke, 223 AD3d 614, 614 [1st Dept 2024]; see also Vargas v St. Barnabas Hosp., 168 AD3d 596, 597 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024