■ In the Matter of ANGEL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [723 NYS2d 369] —Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about October 1, 1999, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts that, if committed by an adult, would have constituted resisting arrest and attempted assault in the third degree, and placed him with the New York State Office of Children and Family Services for a period of 1 year, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility. The credible evidence clearly established the elements of resisting arrest and attempted assault. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.

■ JUDITH ARNOLD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [723 NYS2d 369] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 19, 2000, which, to the extent appealed from, denied defendant's motion insofar as it sought to vacate plaintiff's note of issue and to compel plaintiff to submit to a further medical examination, unanimously affirmed, without costs.

The motion to vacate plaintiff's note of issue, served more than 20 days after the note of issue had been served, was properly denied as untimely (see, 22 NYCRR 202.21[e]), no showing of special circumstances or adequate reason for the delay having been offered (see, Franck v Quinones, 65 AD2d 518; Jacobs v Peress, 23 AD2d 483). Also properly denied was defendant's request for a third physical examination of plaintiff; defendant had, after all, signed a "so-ordered" stipulation permitting plaintiff to file her note of issue, and, prior thereto, had conducted extensive orthopedic and neurological physical examinations of plaintiff. Concur—Rosenberger, J. P., Nardelli, Andrias and Saxe, JJ.