■ CINDY OCASIO-GARY, Respondent, v LAWRENCE HOSPITAL et al., Appellants, et al., Defendants. (And a Third-Party Action.) CINDY OCASIO-GARY, Appellant, v ST. BARNABAS HOSPITAL, Respondent, et al., Defendants. (And a Third-Party Action.) CINDY OCASIO-GARY, Respondent, v LAWRENCE HOSPITAL et al., Defendants, and GARY B. ORIN, Appellant. (And a Third-Party Action.) [894 NYS2d 11]—

The affirmation of St. Barnabas's medical expert fails to establish prima facie that the treatment of plaintiff's decedent in the emergency room of St. Barnabas Hospital comported with good and accepted practice. The record shows that the decedent was brought to the emergency room by ambulance with complaints of headache, nausea, palpitations and of having an anxiety attack that was not relieved by medications that had been previously prescribed by his private physicians. The expert opines that the decedent was appropriately evaluated and appeared to respond favorably and that the evaluation was well within the standard of care for emergency medicine. However, the expert does not specify in what way the decedent was evaluated and he does not elucidate the standard of care for emergency medicine other than to state that emergency room staff has the limited role of determining whether a patient has a life-threatening or serious illness. While the expert opines that the decedent did not require a urine test, blood test, CT scan, MRI or X ray, he does not explain "what defendant did and why" (*Wasserman v Carella*, 307 AD2d 225, 226 [2003]). This conclusory affidavit is insufficient to establish St. Barnabas's entitlement to summary judgment (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Even had St. Barnabas met its initial burden, plaintiff's expert's submission raises triable issues of fact regarding the hospital's negligence (*see DaRonco v White Plains Hosp. Ctr.*, 215 AD2d 339 [1995]). The trial court should not have rejected the expert's opinion on the ground that the expert failed to expressly state that he or she possessed the requisite background and knowledge in emergency medicine to render an opinion.

The expert, who is board certified in internal medicine, is qualified to render an opinion as to diagnosis and treatment with respect to the symptoms presented by the decedent. In contrast, the expert's affirmation in *Browder v New York City Health & Hosps. Corp.* (37 AD3d 375 [2007]), cited by the trial court, failed to indicate either the expert's specialty or that he or she possessed the requisite knowledge to furnish a reliable opinion.

Venue should be retained in Bronx County. The only ground for the motion to change venue was the dismissal of the complaint against St. Barnabas, and the complaint has been reinstated.

The motion to vacate plaintiff's note of issue, served more than 20 days after service of that note, was properly denied as untimely (*see* 22 NYCRR 202.21 [e]), "no showing of special circumstances or adequate reason for the delay having been offered" (*Arnold v New York City Hous. Auth.*, 282 AD2d 378 [2001]). Nor did the court err in finding that defendant Orin failed to demonstrate good cause for an extension of time in which to file his motion for summary judgment (CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ.