Brown v New York City Health & Hosps. Corp. (2018 NY Slip Op 02262)





Brown v New York City Health & Hosps. Corp.


2018 NY Slip Op 02262


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6144N 24541/15E

[*1] Jay Brown, deceased, by the Administrator of his Estate, Sherlane Peck, Plaintiff-Appellant,
v
New York City Health & Hospitals Corp., et al., Defendants-Respondents.


Arnold E. DiJoseph, III P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Megan E.K. Montcalm of counsel), for NYC Health + Hospitals, respondent.
Martin Clearwater & Bell LLP, New York (Jean M. Post of counsel), for Emergacare NY, LLC, respondent.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered August 5, 2016, which, to the extent appealed from, granted defendants' motions to change venue from Bronx County to New York County, unanimously reversed, on the law, without costs, and the motions denied.
Plaintiff originally commenced this action asserting causes of action for malpractice, negligence and wrongful death against defendant New York City Health & Hospitals Corporation (HHC) based on HHC's ownership and control of Jacobi Medical Center in the Bronx. The notice of claim indicates that Jacobi's negligence relates to the decision to transfer plaintiff's decedent from Jacobi to a rehabilitation facility in New York County. As the causes of action against HHC necessarily arose at Jacobi in Bronx County, venue was properly placed in Bronx County (see McKinney's Uncons Laws of NY § 7401[3] [New York City Health and Hospitals Corporation Act § 20(3) (L 1969, ch 1016, § 1, as amended)] ["All actions against the corporation ... shall be brought in the city of New York, in the county within the city in which the cause of action arose"]).
Plaintiff's amendment of the complaint to add causes of action against HHC based on its ownership and control of the rehabilitation facility in New York County does not mandate a change of venue to New York County, since the amended complaint continues to assert distinct causes of action against HHC arising out of alleged negligence and malpractice that occurred at Jacobi (see Thames v New York City Police Dept., 105 AD3d 481 [1st Dept 2013]; Ocasio-Gary v Lawrence Hosp., 69 AD3d 403, 405 [1st Dept 2010]; Rose v Grow-Perini, 271 AD2d 210, 210—11 [1st Dept 2000]).
Defendants made no showing that a discretionary change of
venue would be warranted based on the convenience of material witnesses (see CPLR 510; Cardona v Aggressive Heating, 180 AD2d 572 [1st Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK