Drapper v Horan (2018 NY Slip Op 06330)





Drapper v Horan


2018 NY Slip Op 06330


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7176N 20500/14

[*1] Dwight Drapper, Plaintiff-Respondent,
v
Andrew John Horan, et al., Defendants-Appellants.


Sweetbaum & Sweetbaum, Lake Success (Marshall D. Sweetbaum of counsel), for appellants.
Ogen & Sedaghati, P.C., New York (Eitan A. Ogen of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about February 2, 2018, which denied defendants' renewed motion to vacate the note of issue and direct plaintiff to appear for a medical examination, unanimously affirmed, without costs.
In his bill of particulars, plaintiff stated that he suffered injuries, including a traumatic brain injury, when the car he was driving was rear-ended by a car owned and operated by defendants. Following plaintiff's disclosure that he was suffering from headaches, and that an MRI of his head revealed traumatic injury, he filed a note of issue. Defendants, who did not notice a physical examination, then filed an untimely motion to vacate the note of issue, which Supreme Court denied.
Prior to trial, plaintiff, at defendants' request, served a supplemental bill of particulars, which stated that he had received additional medical treatment for his traumatic brain injury. Defendants then renewed their motion to vacate, and asked the court to order plaintiff to appear for a medical examination.
Supreme Court properly denied the renewed motion. Defendants offered no reasonable explanation for their failure to notice a medical examination before the note of issue was filed (Alvarez v Feola, 140 AD3d 596, 596 [1st Dept 2016]). Defendants also failed to demonstrate that additional treatment for an injury defendants were already aware of constitutes an "unusual or unanticipated circumstance" to warrant vacatur and a medical examination (see 22 NYCRR 202.21[d]; Allen v Hiraldo, 144 AD3d 434, 435 [1st Dept 2016]; Schroeder v IESI NY Corp., 24 AD3d 180, 181 [1st Dept 2005]; Arnold v New York City Hous. Auth., 282 AD2d 378, 378 [1st Dept 2001]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK