Georgievski v Robins (2019 NY Slip Op 08619)





Georgievski v Robins


2019 NY Slip Op 08619


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Manzanet-Daniels, J.P., Tom, Kapnick, Gesmer, Singh, JJ.


10368 8000001/16

[*1] Gorgi Georgievski, Plaintiff-Appellant,
v
Howard F. Robins, Defendant-Respondent.


Gorgi Georgievski, appellant pro se.
Lewis Johs Avallone Aviles, LLP, New York (Theresa Scotto-Lavino of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 17, 2019, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's motion for summary judgment on liability, unanimously modified, on the law, to deny defendant's motion, and otherwise affirmed without costs.
In this medical malpractice action, plaintiff testified that after he saw an advertisement by defendant in a magazine about alternative medicine he sought treatment from defendant for Lyme disease. Defendant is a licensed podiatrist who the record shows told plaintiff that he could treat a host of incurable non-podiatric conditions. Defendant wrote in plaintiff's medical records that plaintiff suffered from varicose veins, and recommended that plaintiff take part in his ozone therapy study. It is undisputed that this treatment is not FDA-approved. Following the third session of this therapy, defendant noted in the medical record, plaintiff fell asleep, and on waking became confused and disoriented. He was taken and admitted to a hospital, where he was examined and found, inter alia, to have left-sided weakness and paralysis. Although there was an initial concern that plaintiff had suffered a stroke, and he was evaluated for a possible stroke and seizure, this was not a conclusive diagnosis. Nevertheless, plaintiff was kept in the hospital from October 26, 2013, the date of his admission, until he was discharged on November 8, 2013, which would seem to suggest that plaintiff was suffering a valid, even if undiagnosed, medical condition. Plaintiff claims that after he was released from the hospital he was confined to bed for three months, and that inflammation caused by the ozone therapy damaged veins in his forearms, and that inflammation of his brain and nerves resulted in paralysis of his limbs and face, memory loss, lack of concentration, chronic fatigue, personality changes, and other physical and neurological injuries that some evidence shows may be associated with ozone therapy.
Defendant has a history of being accused of using his putative study of ozone therapy's ostensible benefits in treating podiatric conditions as a cover for his treatment of non-podiatric conditions (see e.g. Altman v Robins, Sup Ct, NY County, Mar. 9, 2009, Lobis, J., index No. 103794/08). In the present case, the record reflects that the putative treatment was not for a podiatric condition, and thus that defendant was practicing medicine outside of the medical confines of podiatry (see Education Law § 7001[2]), which raises an issue of professional misconduct (see Education Law § 6509[2]).
Defendant failed to make the necessary prima facie showing of entitlement to judgment as a matter of law, requiring reversal and denial of his motion for summary judgment regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Bongiovanni v Cavagnuolo, 138 AD3d 12 [2d Dept 2016]). Defendant failed to establish the standard of care with which he should have complied for the treatment of Lyme disease, as to which he submitted no expert evidence (see Ocasio-Gary v Lawrence Hosp., 69 AD3d 403 [1st Dept 2010]). Thus, on this record, it cannot be determined whether defendant deviated from [*2]accepted standards of practice. A trial is required on the issue whether defendant's treatment proximately caused the physical and neurological manifestations of injury alleged by plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK