| |
|---|
| **Ranker v VillageCare** |
| 2024 NY Slip Op 31632(U) |
| May 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805064/2020 |
| Judge: Judith N. McMahon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDITH N. MCMAHON**      PART      **30M**

*Justice*

---------------------------------------------------------------X

GARY RANKER,

                   Plaintiff,

     - v -

VILLAGECARE, VILLAGECARE REHABILITATION AND
NURSING CENTER, DENNIS KARTER

                   Defendant.

---------------------------------------------------------------X

| INDEX NO. | 805064/2020 |
|---|---|
| MOTION DATE | 05/02/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 95

were read on this motion to/for      JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96

were read on this motion to/for      JUDGMENT - SUMMARY     .

Upon the foregoing documents, it is ordered that the motion for summary judgment by

the defendant, Dennis Karter, M.D. (Motion Seq. No. 002), is granted in its entirety and the

complaint and all cross claims are severed and dismissed against Dr. Karter. The motion for

summary judgment by the defendant, VillageCare Rehabilitation and Nursing Center s/h/a

VillageCare and VillageCare Rehabilitation and Nursing Center (hereinafter "VillageCare")

(Motion Seq. No. 003), is granted to the extent that plaintiffs' causes of action for alleged

violations of the Public Health Law, failure to furnish informed consent, and negligent hiring are

severed and dismissed. The balance of the motion is denied.

**805064/2020 RANKER, GARY vs. VILLAGECARE**
Motion No. 002 003

Page 1 of 8

[* 1]

This medical malpractice action involves the March 28, 2019, death of plaintiffs' decedent, 76-year-old Gary Ranker, during the latter part of his second admission[1] to VillageCare where he was undergoing occupational and physical therapy. Decedent's extensive medical history at that time included Guillain-Barre Syndrome with paralysis, myasthenia gravis, sarcoidosis, Kaposi's Sarcoma with gastrointestinal organ involvement, chronic obstructive pulmonary disease, recurrent UTIs, hypothyroidism, depression, hypertension, lower extremity deep vein thrombosis, recurrent aspiration pneumonia, and opioid-induced constipation[2]. Plaintiffs allege that defendants failed to prevent, timely diagnose, and properly treat a bowel obstruction, aspiration, sepsis, and aspiration pneumonia resulting in Mr. Ranker's death.

It appears undisputed that decedent developed abdominal pain and complained of constipation on March 24, 2019, for which he was given one dose of Milk of Magnesia. Physical examination at that time revealed that his abdomen was soft and not distended. On the morning of March 25, 2019, he was given two doses of Dulcolax along with an enema and lactulose. These treatments did not induce a bowel movement.

During the daytime hours of March 25, 2019, Mr. Ranker's vital signs remained normal, and he was in no apparent distress, having participated in routine physical therapy which included ambulating 90 feet. Sometime after 7:00 p.m., however, decedent complained of increasing abdominal pain. His skin became cold and clammy, and he vomited coffee ground emesis indicative of an upper GI bleed. At 10:26 p.m. Relistor 12 mg was administered and at 10:35 p.m. IV hydration was given. At 10:49 p.m. EMS was called for emergent transfer to the hospital.

---

[1]     Decedent was admitted to VillageCare between February 5, 2019, and March 3, 2019, and again from March 11, 2019, to March 26, 2019. Between admissions he was re-hospitalized at Mt. Sinai Beth Israel.
[2]     According to VillageCare's records, decedent generally had weekly bowel movements during his stay. His last bowel movement was on March 17, 2019.

**805064/2020   RANKER, GARY vs. VILLAGECARE**
**Motion No.  002 003**

Page 2 of 8

EMS arrived at VillageCare at 12:08 a.m. on March 26, 2019, and an initial assessment revealed normal respirations, normal pulses, and baseline mental status. Mr. Ranker's blood pressure was 138/90. On the way to New York Presbyterian Downtown Hospital decedent purportedly became combative and pulled out his IV. He suffered cardiopulmonary arrest and arrived at the hospital pulseless, with ongoing CPR. The hospital staff successfully restored spontaneous circulation, but Mr. Ranker's condition quickly deteriorated, and he was found to have minimal brainstem reflexes.

On March 28, 2019, Mr. Ranker went into cardiopulmonary arrest and passed away. A preliminary autopsy report reflects the probable cause of death as "aspiration pneumonia in the setting of intestinal obstruction" (*see* NYSCEF Doc. No. 92). The final autopsy report reads: "gross examination showed a redundant sigmoid colon loop with distension of the entire colon and abundant digestive material present through the small bowel, with no definitive evidence of volvulus" (*id.*).

Defendants move for summary judgment on the grounds that their treatment adhered to the standard of care, and that their action or inaction did not cause or contribute to Mr. Ranker's injuries and death. Notably, **VillageCare** maintains, *inter alia*, that "there was no evidence that decedent suffered from a bowel obstruction at any time prior to his death" (*see* Expert Affirmation of Lawrence N. Diamond, M.D.; NYSCEF Doc. No. 63, para. 6) and further, that "plaintiffs' claims that defendant failed to prevent, timely diagnose, and properly treat bowel obstruction cannot be medically supported" (*id.*), since Mr. Ranker's cause of death was ultimately acute or chronic aspiration pneumonia. **Dr. Karter**, an infectious disease specialist whose sole examination of decedent during his second VillageCare admission was on March 21, 2019, maintains through his expert, Dial Hewlett, M.D., that "there were no findings present at

**805064/2020  RANKER, GARY vs. VILLAGECARE**
Motion No.  002 003

Page 3 of 8

3 of 8

the time of this evaluation which would suggest the presence of a bowel obstruction" (*see* NYSCEF Doc. No. 47, para. 40). Plaintiff opposes both motions.

The standards for summary judgment are well settled. The proponent "must make *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v. New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; [*internal citations omitted*]). The motion must be supported by evidence in admissible form (*see Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]), and the facts must be viewed in the light most favorable to the nonmoving party (*see Vega v. Restani Constr. Corp.,* 18 NY3d 499, 503 [2012]). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on the issues of credibility" (*Garcia v. J.D. Duggan, Inc.*, 180 AD2d 579, 580 [1st Dept. 1992]). "[P]ointing to gaps in an opponent's evidence is insufficient to demonstrate a movant's entitlement to summary judgment" (*Koulermos v. A.O. Smith Water Prods.*, 137 AD3d 575, 576 [1st Dept. 2016]).

"The drastic remedy of summary judgment, which deprives a party of his day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even 'arguable'" (*DeParis v. Women's Natl. Republican Club, Inc.*, 148 AD3d 401 [1st Dept. 2017]; [*internal citations omitted*]). "It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v. American Lung Assn.*, 90 NY2d 623, 631 [1997]).

To sustain a cause of action for medical malpractice, the plaintiff must prove two essential elements: (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of the claimed injury. A medical provider moving for summary judgment, therefore, must make a *prima facie* showing of entitlement to judgment as a matter of law by

**805064/2020   RANKER, GARY vs. VILLAGECARE**
**Motion No. 002 003**

**Page 4 of 8**

4 of 8

[* 4]

establishing the absence of a triable issue of fact as to his or her alleged departure from accepted standards of medical practice (*Frye v. Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept. 2009]; [*internal citations omitted*]), or by establishing that the plaintiff was not injured by such treatment (*see* generally *Stukas v. Streiter*, 83 AD3d 18 [2d Dept. 2011]).

To satisfy the burden on the motion, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v. Noble*, 73 AD3d 204, 206 [1st Dept. 2010]). If the expert's opinion is not based on facts in the record, the facts must be personally known to the expert and the opinion should specify "in what way" the plaintiff's treatment was proper and "elucidate the standard of care" (*Ocasio-Gary v. Lawrence Hospital*, 69 AD3d 403, 404 [1st Dept. 2010]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the *prima facie* showing by the defendant" (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the burden (*see Gillespie v. New York Hosp. Queens,* 96 AD3d 901 [2d Dept. 2012]). Accordingly, a plaintiff must produce expert testimony regarding the specific acts of malpractice, and not just testimony that alleges "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence" (*Alvarez v. Prospect Hosp.*, 68 NY2d at 325). In most instances, the opinion of a qualified expert that the plaintiff's injuries resulted from a deviation from relevant industry or medical standards is sufficient to defeat summary judgment (*Frye v. Montefiore Med. Ctr.,* 70 AD3d 15, 24). Where the expert's "ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v. New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The plaintiff's expert must address the

**805064/2020  RANKER, GARY vs. VILLAGECARE**
**Motion No.  002 003**

Page 5 of 8

5 of 8

specific assertions of the defendant's expert with respect to negligence and causation (*see Foster-Sturrup v. Long*, 95 AD3d 726, 728-729 [1st Dept. 2012]).

Where the parties' conflicting expert opinions are adequately supported by the record, summary judgment must be denied. "Resolution of issues of credibility of expert witnesses and the accuracy of their testimony are matters within the province of the jury" (*Frye v. Montefiore Med. Ctr.*, 70 AD3d 15, 25; *see also Cruz v. St. Barnabas Hospital*, 50 AD3d 382 [1st Dept. 2008]).

The defendant infectious disease physician, Dr. Karter, has established entitlement to summary judgment dismissing plaintiffs' complaint by submitting, *inter alia*, the factually based and detailed affirmation of Dr. Hewlett. Plaintiffs' expert has not identified any departures from the standard of care on the part of Dr. Karter, whose role was infectious disease consultant. Accordingly, Dr. Karter's motion for summary judgment dismissing the complaint is granted.

VillageCare has established entitlement to summary judgment by submitting, *inter alia,* the factually based and detailed affirmation of Dr. Diamond. In opposition, plaintiffs have met their burden in rebutting VillageCare's *prima facie* showing by submitting, *inter alia,* the affirmation of an expert internist and geriatric specialist (*see* NYSCEF Doc. No. 94), who specifically refuted the assertions made by Dr. Diamond. Relevant here is plaintiffs' expert's findings that VillageCare departed from the standard of care by (1) continuing to feed Mr. Ranker on March 24, 2019; (2) failing to recognize a bowel obstruction from impacted stool (*i.e.*, "the large quantity of stool found in the post mortem exam along with the presence of food particles in the lungs" supports the finding of a bowel obstruction from impacted stool, requiring a more aggressive treatment of his routine constipation (*see* NYSCEF Doc. No. 94, para. 57), and (3) failing to provide life-saving treatment upon bowel impaction, by immediately transferring decedent to the hospital for a nasogastric tube placement or invasive surgical intervention (*id.,*

**805064/2020  RANKER, GARY vs. VILLAGECARE**
**Motion No.  002 003**

Page 6 of 8

6 of 8

[* 6]

para. 59). Plaintiffs' expert opines that "Mr. Ranker required regular monitoring due to his ongoing conditions and the risks posed by his prescribed medications, which are known to cause bowel obstruction, that was not considered by his care team, and that when he began to show obvious signs of obstruction on March 24th (or sooner) it was not treated as a medical emergency, and that his death…was in fact proximately caused by the actions or omissions of the defendants herein" (*id.*, para. 60).

While evidence of injury alone does not mean that the defendants were negligent (*see Landau v. Rappaport*, 306 AD2d 446 [1st Dept. 2003]), the facts in this record together with plaintiffs' expert's opinion as to the departures from good and accepted medical practice mandates a trial on whether VillageCare's departures from the standard of care were a proximate cause of plaintiff's injuries.

For a claim of lack of informed consent to be actionable, a defendant must have engaged in a "non-emergency treatment, procedure or surgery" or "a diagnostic procedure which involved invasion or disruption of the integrity of the body" (Public Health Law §2805-d [2]). Under these facts, plaintiffs' cause of action for lack of informed consent must be dismissed. Likewise, plaintiffs' expert has not identified specific violations of the Public Health Law, nor set forth any facts to support a cause of action for negligent hiring.

Accordingly, it is

ORERED that the motion for summary judgment by defendant, Dennis Karter, M.D., is granted and the complaint and all cross claims are severed and dismissed; and it is further

ORDERED that the motion for summary judgment by the defendant VillageCare Rehabilitation and Nursing Center s/h/a VillageCare and VillageCare Rehabilitation and Nursing Center is granted to the extent that plaintiffs' causes of action for violations of the Public Health

805064/2020  RANKER, GARY vs. VILLAGECARE
Motion No. 002 003

Page 7 of 8

7 of 8

Law, failure to furnish informed consent, and negligent hiring are severed and dismissed; and it is further

ORDERED that the balance of VillageCare's motion is denied; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of Dr. Karter severing and dismissing plaintiffs' complaint; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of VillageCare severing and dismissing plaintiffs' causes of action for alleged violations the Public Health Law, failure to furnish informed consent, and for negligent hiring as against defendant VillageCare; and it is further

ORDERED that counsel for plaintiffs and VillageCare shall appear for a virtual pre-trial conference via Microsoft Teams on **July 25, 2024, at 10:30 a.m.**

| 5/8/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | JUDITH N. MCMAHON, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

Hon. Judith N. McMahon
J.S.C.

**805064/2020  RANKER, GARY vs. VILLAGECARE**
**Motion No.  002 003**