| **Williams v Northwell Health Inc** |
|:---:|
| 2024 NY Slip Op 31935(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805151/2020 |
| Judge: Judith N. McMahon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. JUDITH N. MCMAHON                    PART          30M
                                              *Justice*

-------------------------------------------------------------------X     INDEX NO.      805151/2020

PEDRO WILLIAMS,                                         MOTION DATE    05/16/2024

                            Plaintiff,                 MOTION SEQ. NO.     001

            - v -

NORTHWELL HEALTH INC, NORTHWELL HEALTH
PHYSICIAN PARTNERS, PARK LENOX ORTHOPEDICS,           **DECISION + ORDER ON**
P.C.,EVAN SCHWARTZ, M.D, RYAN COYLE, M.D., LENOX              **MOTION**
HILL HOSPITAL

                            Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16,
17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is ordered that the motion for summary judgment by

the defendants, Northwell Health, Inc., Northwell Health Physician Partners, Park Lenox

Orthopedics, P.C., Evan Schwartz, M.D., Ryan Coyle, M.D., and Lenox Hill Hospital (Motion

Seq. No. 001) is granted, and the plaintiff's complaint is dismissed.

This medical malpractice action arises out of a total left knee replacement performed by

Dr. Schwartz at Lenox Hill Hospital on November 29, 2016. Plaintiff claims, *inter alia,* that he

received a previously recalled knee prosthetic during the surgery that ultimately failed, requiring

a surgical revision on March 4, 2019, to address tibial loosening and global instability of the

knee[1].

---

[1]     Mr. Williams' medical history indicates that he initially injured his left knee during a ski trip in 1996 for
which he underwent surgery for a torn ACL. Thereafter, in 2014, plaintiff suffered a lateral meniscus tear and partial
anterior cruciate ligament tear that required additional surgery. After a course of conservative treatment which
included physical therapy, cortisone injections and Visco supplementation injections, Mr. Williams decided to
undergo a total knee replacement, performed by defendants Dr. Schwartz, and assisted by orthopedic resident, Dr.
Coyle, at Lenox Hill Hospital.

**805151/2020   WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC**                    **Page 1 of 7**
**Motion No.  001**

[* 1]

During plaintiff's November 29, 2016, surgery, Dr. Schwartz implanted a Zimmer Persona Knee System prosthesis, specifically, the Zimmer Persona **natural tibia** (which he cemented), and a cementless Zimmer Persona trabecular **metal femur** plate. It is undisputed that on February 19, 2015, Zimmer issued a recall of the Zimmer Persona trabecular **metal tibia** plate, when used with a cementless technique, due to an increased incidence of loosening. On March 12, 2015, the FDA followed with their own recall. It is conceded that the Zimmer Persona **natural tibia** and the **metal femur plate** used by Dr. Schwartz **during the surgery** at issue, were **not a part of the recall.**

In August of 2018 plaintiff began to experience left knee pain, which he reported to his physicians. Diagnostic films revealed loosening of the joint, and six months later, on March 4, 2019, plaintiff underwent surgical revision that was also performed at Lenox Hill Hospital. At his six month follow up on September 27, 2019, plaintiff was reportedly doing well, walking "many blocks" without a limp and using no assistive devices. He was having some difficulty with stairs but was otherwise improving. Examination notes reflected a well healed incision, a range of motion between 0-115 degrees, mild medial laxity, mild swelling, and no effusion (*see* NYSCEF Doc. No. 29). Plaintiff's x-rays were satisfactory, and he was instructed to continue activity as tolerated.

Defendants move for summary judgment on the grounds that they complied with the standard of orthopedic care in their treatment of plaintiff, and that any action or inaction by defendants did not proximately cause plaintiff's claimed injuries (*see* Expert Affirmation of an orthopedic surgeon, Joseph Bosco, M.D., NYSCEF Doc. No. 16, para. 9). Plaintiff opposes the motion.

805151/2020 WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC
Motion No. 001

Page 2 of 7

2 of 7

[* 2]

In support of summary judgment, Dr. Bosco opines within a reasonable degree of medical certainty that the moving defendants complied with the standard of care as follows: (1) Dr. Schwartz did not use any Zimmer Persona components that were part of the March 12, 2015 recall during plaintiff's knee replacement surgery; (2) Dr. Schwartz performed the surgery in a skilled manner and selected commonly used and well performing appropriate implants; (3) Dr. Coyle, as a resident surgical assistant, did not participate in the choice of implants or in their implantation; (4) defendants rendered appropriate management of plaintiff's left knee during the entirety of their treatment; (5) plaintiff was an appropriate candidate for a left total knee replacement; (6) Dr. Schwartz selected components that were the appropriate size for plaintiff and he employed the appropriate technique when implanting the natural tibia with cement; (7) "the tibia, femur, patella, articulating surface and the stem were well-positioned intra-operatively there were no complications during the surgery" (*id.*, para. 53); (8) post operative evaluations occurred at appropriate intervals, and there was no loosening of the hardware during Dr. Schwartz's post-operative management; (9) nothing in the record suggests a rupture to plaintiff's posterior cruciate ligament, and (10) plaintiff's post-surgical work up in August of 2018 met the accepted standards of medical care.

According to Dr. Bosco, "the loosening of the hardware implanted during a total knee replacement is a well-recognized risk of procedure that can and does occur in the absence of negligence on the part of the surgeon [and]…when some loosening was appreciated on film in September of 2018, surgery was suggested, and there was no delay in the recognition of the prostheses loosening..." (*id.*, para. 62).

In opposition to the motion, plaintiff submits, *inter alia*, the expert affirmation of a board-certified orthopedic surgeon, Omar David Hussamy, M.D., P.A., (*see* NYSCEF Doc. No.

805151/2020 WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC Page 3 of 7
Motion No. 001

3 of 7

41), who opines within a reasonable degree of medical certainty that the defendants departed from good and accepted medical practice in their care and treatment of the plaintiff from April 21, 2015 until November 29, 2016, and deprived plaintiff of a better outcome following his November 29, 2016 surgery. As a result, plaintiff was caused "to undergo a revision surgery, which exacerbated his condition and affected his quality of life until this day" (*id.*, para. 8).

According to plaintiff's expert, the moving defendants departed from good and accepted medical practice by: (1) choosing to use the Zimmer Persona Knee Systems prosthesis during plaintiff's November 29, 2016, surgery, despite the prosthesis' known risk of becoming loose shortly after implantation" (*id.*, paras. 9, 12); (2) using the Zimmer Persona prosthesis on this plaintiff, who was already at a high risk for complications given his history of prior knee surgeries and resulting scar tissue, and (3) failing to choose a prosthetic implant with a better history of long-term stability and a minimal risk of loosening.

As previously indicated, summary judgment is granted, and plaintiff's complaint is dismissed with prejudice.

The standards for summary judgment are well settled. The proponent "must make *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; [*internal citations omitted*]). The motion must be supported by evidence in admissible form (*see Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]), and the facts must be viewed in the light most favorable to the nonmoving party (*see Vega v. Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should

805151/2020   WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC
Motion No. 001

Page 4 of 7

4 of 7

not pass on the issues of credibility" (*Garcia v. J.D. Duggan, Inc.*, 180 AD2d 579, 580 [1st Dept. 1992]).

Once the movant has met his or her burden on the motion, the nonmoving party must establish the existence of a material issue of fact (*see Vega v. Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). A movant's failure to make *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; [*internal citations omitted*]). It has been held that merely "pointing to gaps in an opponent's evidence is insufficient to demonstrate a movant's entitlement to summary judgment" (*Koulermos v. A.O. Smith Water Prods.*, 137 AD3d 575, 576 [1st Dept. 2016]).

"The drastic remedy of summary judgment, which deprives a party of his day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even 'arguable'" (*DeParis v. Women's Natl. Republican Club, Inc.*, 148 AD3d 401 [1st Dept. 2017]; [*internal citations omitted*]). "It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v. American Lung Assn.*, 90 NY2d 623, 631 [1997]).

To sustain a cause of action for medical malpractice, the plaintiff must prove two essential elements: (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of the claimed injury. A medical provider moving for summary judgment, therefore, must make a *prima facie* showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to his or her alleged departure from accepted standards of medical practice (*Frye v. Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept. 2009]; [*internal citations omitted*]), or by establishing that the plaintiff was not injured by such treatment (*see generally Stukas v. Streiter*, 83 AD3d 18 [2d Dept. 2011]).

805151/2020   WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC
Motion No. 001

Page 5 of 7

To satisfy the burden on the motion, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v. Noble*, 73 AD3d 204, 206 [1st Dept. 2010]). If the expert's opinion is not based on facts in the record, the facts must be personally known to the expert and the opinion should specify "in what way" the plaintiff's treatment was proper and "elucidate the standard of care" (*Ocasio-Gary v. Lawrence Hospital*, 69 AD3d 403, 404 [1st Dept. 2010]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the *prima facie* showing by the defendant" (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the burden (*see Gillespie v. New York Hosp. Queens,* 96 AD3d 901 [2d Dept. 2012]). Accordingly, a plaintiff must produce expert testimony regarding the specific acts of malpractice, and not just testimony that alleges "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence" (*Alvarez v. Prospect Hosp.*, 68 NY2d at 325). In most instances, the opinion of a qualified expert that the plaintiff's injuries resulted from a deviation from relevant industry or medical standards is sufficient to defeat summary judgment (*Frye v. Montefiore Med. Ctr.,* 70 AD3d 15, 24). Where the expert's "ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v. New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The plaintiff's expert must address the specific assertions of the defendant's expert with respect to negligence and causation (*see Foster-Sturrup v. Long*, 95 AD3d 726, 728-729 [1st Dept. 2012]).

Here, the Court finds that the moving defendants met their *prima facie* burden of entitlement to judgment as a matter of law through the factually based and detailed affirmation of

805151/2020   WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC
Motion No. 001

Page 6 of 7

6 of 7

[* 6]

Dr. Bosco, who identified the standards of care adhered to by the moving defendants. Dr. Bosco's opinion, together with the critical and undisputed fact that the prosthetics used in the surgical knee replacement were not under recall, establishes the defendants' entitlement to judgment dismissing the complaint.

In opposition, plaintiff has failed to raise a triable issue of fact. While Dr. Hussamy's affirmation provided some information, this Court finds his affirmation to be largely speculative due in part to the expert's inability to dispute the adequacy of the metal femur plate and natural tibia implanted in this plaintiff. Evidence of injury alone does not mean that the defendants were negligent (*see Landau v. Rappaport*, 306 AD2d 446 [1st Dept. 2003]).

The Court has considered plaintiff's remaining arguments and finds them unavailing.

Accordingly, it is

ORDERED that defendants' motion for summary judgment is granted; and it is further

ORDERED that the Clerk is directed to enter judgment dismissing the plaintiff's complaint in its entirety.

| 6/4/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDITH N. MCMAHON** | |

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | X GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

Hon. Judith N. McMahon
J.S.C.

805151/2020   WILLIAMS, PEDRO vs. NORTHWELL HEALTH INC          Page 7 of 7
Motion No. 001

7 of 7