**Silverstein v Coolsculpting-Zeltio Aesthetics, Inc.**

2024 NY Slip Op 32215(U)

July 1, 2024

Supreme Court, New York County

Docket Number: Index No. 152580/2018

Judge: Judith N. McMahon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. JUDITH N. MCMAHON**      PART     **30M**

*Justice*

-----------------------------------------------------------------------X

LIANA SILVERSTEIN, ARTHUR BACKAL,

                 Plaintiff,

- v -

COOLSCULPTING - ZELTIQ AESTHETICS, INC., JEREMY A. BRAUER, M.D., JEREMY A. BRAUER, M.D., P.C.,ROY G. GERONEMUS, M.D., DR. R. G. GERONEMUS, M.D., P.C.,MICHELLE MAHONEY, R.N., LISA PITONYAK, L.P.N., JANE DOE, LASER AND SKIN SURGERY CENTER OF NEW YORK MANAGEMENT CORPORATION D/B/A LASER & SKIN SURGERY CENTER OF NEW YORK[1]

                 Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152580/2018 |
| MOTION DATE | 06/12/2024, 06/12/2024, 06/12/2024 |
| MOTION SEQ. NO. | 009 010 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 305

were read on this motion to/for      JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 283, 284, 285, 286, 287, 288, 289, 290, 291, 314, 315

were read on this motion to/for      JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 282, 292, 293, 294, 295, 296, 297, 298, 299, 300, 306, 307, 308, 309, 310, 311, 312, 313

were read on this motion to/for      JUDGMENT - SUMMARY     .

Upon the foregoing documents, it is ordered that the motion for summary judgment by defendants Roy G. Geronemus, M.D. and Laser and Skin Surgery Corporation d/b/a Laser & Skin Surgery Center of New York (Motion Seq. No. 009) is marked as withdrawn per the so-ordered Stipulation of Discontinuance (*see* NYSCEF Doc. No. 304). The motions for summary

---

[1]     Stipulations of Discontinuance have been executed in favor of the defendants: (1) Roy G. Geronemus, M.D., (2) Laser and Skin Surgery Center of New York Management Corporation d/b/a Laser & Skin Surgery Center of New York, and (3) Lisa Pitonyak, L.P.N. (*see* NYSCEF Doc. No. 304).

**152580/2018  SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ**
**Motion No.  009 010 011**

Page 1 of 7

1 of 7

judgment by the defendants Michelle Mahoney, R.N. (Motion Seq. No. 010) and Zeltiq Aesthetics, Inc. (hereinafter "ZELTIQ"; Motion Seq. No. 011) are denied. The only defendants remaining in this case are (1) Coolsculpting: Zeltiq Aesthetics, Inc., (2) Jeremy A. Brauer, M.D., (3) Jeremy A. Brauer, M.D., P.C., (4) Dr. R.G. Geronemus, M.D., P.C., and (5) Michelle Mahoney, R.N.

In this medical malpractice and product liability action, plaintiff, Liana C. Silverstein, claims to have sustained second degree burns to her abdomen following an April 19, 2017, Coolsculpting procedure performed by defendant Dr. Brauer, (an employee of Dr. R.G. Geronemus, M.D., P.C.), who was assisted by defendant, Nurse Mahoney. Ms. Silverstein alleges that following the procedure these defendants negligently placed ice packs on her abdomen and discharged her home, causing her to sustain four second-degree burns. As against Nurse Mahoney, plaintiff alleges, *inter alia,* that the nurse negligently allowed, caused and/or permitted (1) the placement of four ice packs directly onto plaintiff's bare skin after she had just undergone seventy minutes of Coolsculpting cryolipolysis (*i.e.,* the process of freezing subcutaneous fat); (2) that the ice packs should have been wrapped in gauze or paper towels before application to her skin, and (3) that plaintiff was improperly permitted to go home with the ice packs wrapped around her abdomen. Plaintiff claims that upon arrival home, she tried to remove the ice packs, but they were stuck to her skin and "just didn't come off."

Nurse Mahoney moves for summary judgment on the grounds that her positioning and placement of the ice packs was under the supervision and direction of Dr. Brauer, and that she did not exercise any independent medical judgment in her treatment of plaintiff.

ZELTIQ moves for summary judgment on the grounds that its device did not malfunction, and that plaintiff concededly did not sustain any burns or injuries from the

152580/2018  SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ
Motion No.  009 010 011

Page 2 of 7

2 of 7

[* 2]

Coolsculpting treatment itself. ZELTIQ argues that the risk of "cold-induced injury when using ice packs on skin for a prolonged period is a commonly known risk," and that its duty to warn does not include the risks associated with the use of ice packs on bare skin after a Coolsculpting treatment because that is not a risk "associated with the use of the Coolsculpting device." Plaintiff opposes both motions, maintaining that triable issues of fact preclude an award of summary judgment.

The standards for summary judgment are well settled. The proponent "must make *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; [*internal citations omitted*]). The motion must be supported by evidence in admissible form (*see Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]), and the facts must be viewed in the light most favorable to the nonmoving party (*see Vega v. Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on the issues of credibility" (*Garcia v. J.D. Duggan, Inc.*, 180 AD2d 579, 580 [1st Dept. 1992]). Once the movant has met his or her burden on the motion, the nonmoving party must establish the existence of a material issue of fact (*see Vega v. Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). A movant's failure to make *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; [*internal citations omitted*]). It has been held that merely "pointing to gaps in an opponent's evidence is insufficient to demonstrate a movant's entitlement to summary judgment" (*Koulermos v. A.O. Smith Water Prods.*, 137 AD3d 575, 576 [1st Dept. 2016]).

152580/2018 SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ
Motion No. 009 010 011

Page 3 of 7

3 of 7

"The drastic remedy of summary judgment, which deprives a party of his day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even 'arguable'" (*DeParis v. Women's Natl. Republican Club, Inc.*, 148 AD3d 401 [1st Dept. 2017]; [*internal citations omitted*]). "It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v. American Lung Assn.*, 90 NY2d 623, 631 [1997]).

To sustain a cause of action for medical malpractice, the plaintiff must prove two essential elements: (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of the claimed injury. A medical provider moving for summary judgment, therefore, must make a *prima facie* showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to his or her alleged departure from accepted standards of medical practice (*Frye v. Montefiore Med. Ctr.*, 70 AD3d 15 [1st Dept. 2009]; [*internal citations omitted*]), or by establishing that the plaintiff was not injured by such treatment (*see generally Stukas v. Streiter*, 83 AD3d 18 [2d Dept. 2011]).

To satisfy the burden on the motion, a defendant must present expert opinion testimony that is supported by the facts in the record, addresses the essential allegations in the complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v. Noble*, 73 AD3d 204, 206 [1st Dept. 2010]). If the expert's opinion is not based on facts in the record, the facts must be personally known to the expert and the opinion should specify "in what way" the plaintiff's treatment was proper and "elucidate the standard of care" (*Ocasio-Gary v. Lawrence Hospital*, 69 AD3d 403, 404 [1st Dept. 2010]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the *prima facie* showing by the defendant" (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the burden (*see Gillespie v. New York Hosp. Queens*, 96 AD3d 901

**152580/2018 SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ**
Motion No. **009 010 011**

**Page 4 of 7**

4 of 7

[2d Dept. 2012]). Accordingly, a plaintiff must produce expert testimony regarding the specific acts of malpractice, and not just testimony that alleges "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence" (*Alvarez v. Prospect Hosp.*, 68 NY2d at 325). In most instances, the opinion of a qualified expert that the plaintiff's injuries resulted from a deviation from relevant industry, or medical standards is sufficient to defeat summary judgment (*Frye v. Montefiore Med. Ctr.*, 70 AD3d 15, 24). Where the expert's "ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v. New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The plaintiff's expert must address the specific assertions of the defendant's expert with respect to negligence and causation (*see Foster-Sturrup v. Long*, 95 AD3d 726, 728-729 [1st Dept. 2012]).

Where the parties' conflicting expert opinions are adequately supported by the record, summary judgment must be denied. "Resolution of issues of credibility of expert witnesses and the accuracy of their testimony are matters within the province of the jury" (*Frye v. Montefiore Med. Ctr.*, 70 AD3d 15, 25; *see also Cruz v. St. Barnabas Hospital*, 50 AD3d 382 [1st Dept. 2008]).

Here, the Court finds that Nurse Mahoney, has established entitlement to summary judgment dismissing the complaint by submitting, *inter alia*, the factually based and detailed affirmation of Brian D. Cohen, M.D. (*see* NYSCEF Doc. No. 242), who concludes within a reasonable degree of medical certainty that this defendant followed all the reasonable instructions and directions that her supervisor, Dr. Brauer, gave her, and that the care provided by Nurse Mahoney on April 19, 2017 was at all times within the standards of good and accepted medical practice.

**152580/2018 SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ**
**Motion No. 009 010 011**

Page 5 of 7

5 of 7

Likewise, ZELTIQ has established entitlement to summary judgment through its submission of relevant sworn testimony and the CoolScultping User Manual (*see* NYSCEF Doc. No. 275).

In opposition, plaintiffs have raised a triable issue of fact sufficient to defeat summary judgment through, *inter alia,* the expert affirmation of Marina I. Peredo, M.D. (*see* NYSCEF Doc. No. 288), who concluded that "the care and treatment rendered by Nurse Mahoney…fell below the standard of care" and further, that "ZELTIQ failed to properly warn its customers (the medical providers)…of the risks in placing ice packs directly on bare skin right after completing the CoolSculpting procedure" (*id.*, para. 3).

Dr. Peredo is unequivocal that "it is contraindicated and a departure from the standard of care to use frozen ice packs on a patient after Coolsculpting treatment" [*id.*, para. 16]) and, relying on the record, pointed to multiple inconsistencies between what Dr. Brauer purportedly instructed Nurse Mahoney to do with the ice packs, and whether Nurse Mahoney followed those orders or utilized her own independent medical judgment.

Plaintiffs raised a triable issue of fact in response to ZELTIQ's motion, requiring a determination by the finder of fact. For example, ZELTIQ's user manual is silent as to warnings related to the application of ice packs to bare skin after the Coolsculpting treatment. However, ZELTIQ's "Mitigating Late Onset Pain" document (*see* NYSCEF Doc. No. 295) illustrates the use of ice packs to affected areas post treatment. ZELTIQ's witness's deposition testimony likewise raised a triable issue of fact as to whether ZEQTIQ viewed ice packs as contraindicated, whether the placement of ice packs was a part of its indicated protocol or treatment, and whether ZELTIQ provided training on its post treatment care, including the use of ice packs on the skin.

Material triable issues of fact which cannot be determined as a matter of law precludes an

152580/2018  SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ
Motion No.  009 010 011

Page 6 of 7

6 of 7

award of summary judgment. A jury must determine the credibility of the witnesses, the weight to be accorded the expert witnesses, and assess the conflicting evidence (*see Windisch v. Weiman, M.D.,* 161 AD2d 433 [1st Dept. 1990]). While evidence of injury alone does not mean that the defendants were negligent (*see Landau v. Rappaport,* 306 AD2d 446 [1st Dept. 2003]), the facts in this record together with the opinions of plaintiffs' expert as to the departures from good and accepted medical practice mandates a trial on whether plaintiff's alleged injuries were proximately caused by the moving defendants.

Accordingly, it is

ORDERED that Motion Seq. No. 9 is marked as withdrawn; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of defendants Roy G. Geronemus, N.D., and Laser and Skin Surgery Center of New York Management Corporation d/b/a Laser & Skin Surgery Center of New York severing and dismissing plaintiffs' complaint and all cross claims; and it is further

ORDERED that the motion for summary judgment by defendant Michelle Mahoney, R.N. is denied; and it is further

ORDERED that the motion for summary judgment by the defendant Zeltiq Aesthetics, Inc., is denied; and it is further

ORDERED that all parties are directed to appear before this Court in person on September 25, 2024, at 11:30 a.m.

| 7/1/2024 | | | | | JUDITH N. MCMAHON, J.S.C. | | |
|---|---|---|---|---|---|---|---|
| DATE | | | | | | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152580/2018 SILVERSTEIN, LIANA C. vs. COOLSCULPTING - ZELTIQ
Motion No. 009 010 011

Hon. Judith N. McMahon Page 7 of 7
J.S.C.

[* 7]